IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| JOHN C. COOK and | ) | CASE NO. 08-71839 |
| MELISSA A. COOK, | ) | |
| | ) | |
|     Debtors. | ) | |

_____

| | | |
|---|---|---|
| AMERICAN EXPRESS BANK, FSB, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 08-07077 |
| JOHN C. COOK and | ) | |
| MELISSA COOK A/K/A MELISSA A. COOK | ) | |
| | ) | |
|     Defendants. | ) | |

_____

## MEMORANDUM DECISION

The matter before the Court for decision concerns competing motions for partial summary judgment filed by the parties regarding Count II of the Complaint in which the plaintiff, American Express Bank, FSB ("American Express"), sought judgment against the Debtors for amounts which Mr. Cook charged upon an American Express credit card to pay certain employment taxes and penalties owed by the Cooks' business, Far From Reality Properties, LLC ("FFRP"). For the reasons discussed below the Court will grant partial summary judgment to American Express against Mr. Cook pursuant to Count II of the Complaint in the amount of $3,035.89 plus costs of $250, the latter sum of which represents the filing fee incurred by it to file this adversary proceeding.

**FINDINGS OF FACT**

Debtors John C. and Melissa A. Cook filed a voluntary Chapter 7 petition on September 23, 2008. This adversary proceeding was initiated by the Complaint filed by American Express on December 22, 2008 naming the Debtors as Defendants. In its Complaint American Express alleges that Debtor John Cook opened an account with American Express in January 2000 in connection with his business, FFRP.[1] Debtor Melissa Cook was a supplemental cardholder upon this account. As alleged in the Complaint, the balance on the account as of September 23, 2008, the date of the Chapter 7 filing, was $6,657.35. American Express further alleges in its Complaint that $6,056.06 of that balance was incurred by Mr. Cook between June 25 and September 7, 2008. As set forth in Count I, American Express contends that the entire $6,056.06 incurred by Mr. Cook is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) because it was made through false pretenses, false representations, or actual fraud. Alternatively, in Count II American Express alleges that at least $5,848.11 of the $6,056.06 is non-dischargeable pursuant to 11 U.S.C. § 523(a)(14)[2] as that

---

[1] Although Debtor John Cook "owned and operated" FFRP and Melissa Cook "was not involved in the operation" of FFRP, she was represented to be a 50% owner of FFRP in the Form 1065 tax return for the year 2007 that was produced pursuant to American Express' document production request. Defendants' Motion for Summary Judgment ¶¶ 1, 2 and 22.

[2] 11 U.S.C. §§ 523(a)(14) provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt —
> (14) incurred to pay a tax to the United States that would be nondischargeable pursuant to paragraph (1).

2

amount represents payments made by Mr. Cook to the United States government for tax liabilities incurred as part of the Debtors' business, FFRP.

The payments which are the subject matter of Count II of American Express' Complaint in this adversary proceeding were made by Mr. Cook on July 8, 2008 to the United States by means of the American Express credit card and represented all amounts claimed by the Internal Revenue Service for various tax liabilities of FFRP in four tax payment notices[3] dated June 16, 2008 and addressed jointly to the LLC and Mr. Cook as its member. The tax returns filed by the business which generated these tax payment notices designated Mr. Cook as the LLC manager responsible for taxes, its "Tax Matters Partner."[4] The amounts demanded by the IRS in the tax statements reflect the same amounts listed on the quarterly returns,[5] a total of $4,411.78 for income, social security, and medicare taxes. An additional total of $1,381.58 from the statements is for interest and penalties.

---

[3] Copies of these notices were filed on August 10, 2009 by American Express as supplemental exhibits to its motion for partial summary judgment and are designated as Exhibits A, B, C, and D.

[4] The 2007 returns were produced pursuant to American Express' document request and filed on June 10, 2009 with the Court. Those returns note the following amounts: The first quarter return lists $142 in withheld income tax, $198.40 in social security wages, and $46.40 in medicare wages for a total of $386.80. The second quarter return lists $426 in withheld income tax, $595.20 in social security wages, and $139.20 in medicare wages for a total of $1,160.40. The third quarter return lists $770 in withheld income tax, $1,039.80 in social security wages, and $243.18 in medicare wages for a total of $2,052.98. The fourth quarter return lists $322 in withheld income tax, $396.80 in withheld social security wages and $92.80 in medicare wages for a total of $811.60 withheld. The total for all four returns is $4,411.78.

[5] Specifically, Exhibit A lists $386.80 for taxes and $155.49 in interest and penalties; Exhibit B lists $1,160.40 for taxes and $418.19 in interest and penalties; Exhibit C lists $2,052.98 for taxes and $655.57 in interest and penalties; Exhibit D lists $811.60 in taxes and $152.33 in interest and penalties; for a total of $4,411.78 for taxes.

The Debtors filed an Answer on January 19, 2009 in which they admitted that the charges listed by American Express were made on the card by Mr. Cook. However, the Debtors contend first that Ms. Cook was not a party to any credit agreement with American Express and is therefore not liable for any of the charges specified. Second, with respect to American Express' allegations under the Bankruptcy Code concerning dischargeability, the Debtors deny there was any intent to defraud under § 523(a)(2)(A) while making payments with the card. With respect to Count II, the Debtors set forth as an affirmative defense that although the taxes paid were a liability of the Debtors' business, such taxes had not been assessed against them personally and therefore the card payments do not fall within the proper scope of § 523(a)(14). They did admit, however, in paragraph # 2[6] in the Affirmative Defenses portion of their Answer that the IRS could have made an assessment against Mr. Cook, but not Mrs. Cook, in the amount of $3,035.89[7] for withholding taxes owed by the business.

---

[6] That paragraph reads as follows:

> Even if the relevant taxing authorities chose to assess against the Defendants or either one of the Defendants personally for taxes due by Far From Reality Properties, LLC, the Internal Revenue Service could only have personally assessed against Defendant John C. Cook amounts owed by Far From Reality Properties, LLC for Federal Income Tax Withholding, FICA Withholding, and Medicare Withholding, totaling $3,035.89. The Internal Revenue Service could not have personally assessed against Defendant John C. Cook for amounts owed by Far From Reality Properties, LLC for matching or penalties and interest.

[7] This amount reflects the total of $4,411.78 noted on the tax statements and quarterly returns minus $1,375.89 for employer matching by FFRP which could not be assessed, for a total of $3,035.89. Defendants' Motion for Summary Judgment ¶¶ 38 and 39.

After discovery was conducted in this matter, American Express filed a Motion for Summary Judgment on June 10, 2009. In that motion American Express sought judgment against Mr. Cook only with respect to Count II in the amount of $3,035.89 plus interest, costs of $250, and reasonable attorney fees in the amount of $1,250. The Debtors then filed their own Motion for Summary Judgment on June 12, 2009, in which they sought dismissal of Mrs. Cook from the adversary proceeding and for the Court to hold that the tax debt of a company is not nondischargeable to the Debtor principally under § 523(a)(14), that an un-imposed assessment under 26 U.S.C. § 6672 will not be assumed for the purpose of determining non-dischargeability under § 523(a)(14), and that American Express cannot show that the Defendants fraudulently incurred the debt so as to make it nondischargeable under § 523(a)(2)(A). Shortly after filing the respective Motions, both parties filed responses and a hearing was conducted on August 10, 2009.

Following argument by counsel for American Express and counsel for the Debtors at the hearing, the Court after explaining on the record its reasoning granted summary judgment in favor of Mrs. Cook dismissing her as a party defendant, denied dismissal of Count I as to Mr. Cook, and further denied the plaintiff's request for an award of attorney fees against Mr. Cook under Count II of the Complaint.[8] It took under advisement the plaintiff's request for judgment against Mr. Cook under Count II for the withholding taxes paid in the amount of $3,035.89 and court costs to consider further the contention made by Debtors' counsel that any liability of Mr. Cook for such taxes was limited to the amount of available funds which the business had available to pay them but had used for other purposes and that American Express had failed to establish what that amount had been.

---

[8] An order setting forth these rulings from the bench was entered by the Court on August 18, 2009 as docket entry #39.

## CONCLUSIONS OF LAW

This Court has jurisdiction over this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Determinations regarding the dischargeability of particular debts are "core" proceedings pursuant to 28 U.S.C. § 157(b)(2)(I).

Under section 523(a)(14) of the Bankruptcy Code a debtor cannot receive a discharge for a debt incurred to pay a tax to the United States if that tax would be nondischargeable under § 523(a)(1). 11 U.S.C. § 523(a)(14). One category of nondischargeable taxes under § 523(a)(1) is specified in § 507(a)(8) of the Code, regardless of whether a claim for the tax was filed or allowed. 11 U.S.C. § 523(a)(1)(A). Section 507(a)(8) includes taxes which are "required to be collected or withheld and for which the debtor is liable in whatever capacity." 11 U.S.C. § 507(a)(8)(C). Therefore, if a debt was incurred to pay a tax that was required to be collected or withheld and the debtor is liable for that tax in some capacity, that debt is non-dischargeable.

Employers are required to withhold federal income taxes from wages it pays to its employees. *See In re Bradford*, 35 B.R. 166, 169 (Bankr. W.D. Va. 1983). Thus, each time the business meets its net payroll, it is presumed that the business withheld these taxes. *Id.* (*citing Bedford v. United States*, 39 A.F.T.R.2d 1246, 1248 (E.D. Wis. 1976)). Employers must then periodically account for these withholdings and pay them to the Government. *Id.* (*citing Anderson v. United States*, 561 F.2d 162 (8th Cir. 1977)). To insure payment, Congress specifically mandated that if the business does not pay, then any person who was under a duty to withhold and pay and

6

wilfully failed to do so is personally liable for the non-payment at a 100% penalty. *Id., citing* 26 U.S.C. §§ 6671 and 6672; *see also Liddon v. United States*, 448 F.2d 509, 512 (5th Cir. 1971).

Mr. Cook's responsibility for withholding and payment of taxes has already been acknowledged. This admission was made in the Debtors' Answer as noted before. Likewise, this acknowledgment can be seen in the Debtors' Motion for Summary Judgment.[9] However, Mr. Cook insists that an IRS assessment against him individually is required before the exception to dischargeability provided by § 523(a)(14) is applicable. Counsel for the Debtors has cited two non-bankruptcy tax decisions for their proposition that the IRS must first make an assessment before the tax debt of a company becomes the obligation of a responsible person of that company.[10] However, there is also authority to the effect that it is the legal responsibility of an individual official of an employing entity to pay these withholding taxes when they are paid with someone else's money which is critical, not whether such responsibility has been enforced by an IRS assessment against such individual.[11] This Court aligns itself with that line of authority. In this case the IRS demands

---

[9] Those portions of the Debtors' Motion for Summary Judgment state: "Mr. Cook was designated as the 'Tax Matters Partner' for Far From Reality" and "Far From Reality's tax return clearly shows that Mr. Cook is the representative of the company regarding taxes and . . . Far From Reality or Mr. Cook incurred the charges on which the Complaint is based." ¶¶ 14 and 22.

[10] The Debtors cite *First Nat'l Bank v. United States*, 591 F.2d 1143 (5th Cir. 1979), for the proposition that "the IRS is not compelled to exact penalties, and in some instances they may not be imposed" and *Stallard v. United States*, 12 F.3d 489 (5th Cir. 1994), for the proposition that "a taxpayer is not liable for a penalty assessed improperly." Defendants' Motion for Summary Judgment ¶ 33.

[11] *See, e.g. In re Keith,* 1978 WL 222084, at *6 (Bankr. E.D. Va. Feb. 21, 1978), noting:

> The obligation to hold the withheld employment taxes in trust arises each time the payroll is met and such obligation continues until the date of payment. When a responsible person . . . fails to put the withheld funds into a segregated account, he assumes the risk that sufficient funds will not be available when payment is required

7

for payment were addressed jointly to the LLC and Mr. Cook as a member of that business entity. Mr. Cook promptly paid the amounts required by the tax notices by utilizing the credit made available to him by American Express. There is nothing in the Bankruptcy Code which requires that the IRS must have made an assessment against the responsible official before the exception to dischargeability is triggered. All that is required is a bankruptcy debtor's use of someone else's money to pay a "tax required to be collected or withheld and for which the debtor is liable in whatever capacity." § 507(a)(8)(C). The Debtors, in their attempt to protect Mrs. Cook from liability, have admitted that Mr. Cook was liable to pay the withholding taxes which were paid by means of the American Express credit card. It would be an unwarranted restriction upon the intended scope of § 523(a)(14), which seeks to prevent astute prospective bankruptcy debtors from substituting dischargeable debts for non-dischargeable ones,[12] to limit the applicability of such exception to debtors who have paid non-dischargeable taxes for which they were liable only to those who paid them following a personal assessment against them for such taxes. Whether such taxes are paid before or after such an assessment has been made, the harm to the non-governmental creditor is the same and the intent of the bankruptcy debtor to pay his non-dischargeable liability

---

resulting in liability under Section 6672.

*Citing Monday v. United States*, 421 F.2d 1210 (7th Cir. 1970), and *Newsome v. United States*, 431 F.2d 742 (5th Cir. 1970). *See also Coleman v. Internal Revenue Service*, 19 B.R. 529 (Bankr. D. Kan. 1982); *Hornick v. Internal Revenue Service*, 1999 WL 1332371 (Bankr. W.D. Pa. Nov. 22, 1999); and *In re Hardin*, 140 B.R. 158 (Bankr. E.D. Ky. 1992); which are bankruptcy decisions discussing the responsible officer's liability in the context of § 523(a)(1).

[12]*See, e.g. In re Barton*, 321 B.R. 869, 875 (Bankr. N.D. Ohio 1996), stating "[523(a)(14)] was intended to impose a limitation on pre-bankruptcy substitution of a dischargeable obligation for a nondischargeable obligation." (*Citing In re Gavin*, 248 B.R. 464, 465 (Bankr. M.D. Fla. 2000)).

by use of someone else's money is the same. After consideration of the argument advanced by Debtors' counsel in opposition to the motion filed by American Express that the latter has failed to prove that Far From Reality Properties, LLC had funds available from which the tax liability to the IRS could have been paid but which were used for other purposes, the Court concludes that such contention is inconsistent with the admission made in the Debtors' Answer that Mr. Cook could have been assessed liability for the exact amount sought by American Express in the motion now before the Court and therefore is foreclosed from being asserted now.

## CONCLUSION

Based on the foregoing, this Court grants judgment to American Express against Mr. Cook with respect to Count II of the Plaintiff's Complaint in the amount of $3,035.89 plus the $250 filing fee paid by American Express to file this adversary proceeding. The Debtors' Motion for Summary Judgment with respect to Count II is thereby denied. The Court will contact counsel for the parties to schedule a pre-trial telephone conference to arrange for the determination of remaining issues in this adversary proceeding. An order to such effect will be entered contemporaneously with the docketing of this Memorandum Decision.

This 28th day of August, 2009.

_____
UNITED STATES BANKRUPTCY JUDGE